## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**TONY DEWAYNE ROBINSON**                                            **PETITIONER**

**VS.**                    **CASE NO. 2:18CV00010 JLH/PSH**

**GENE BEASLEY, Warden,**
**FCI Forrest City**                                                 **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Tony Dewayne Robinson ("Robinson") was convicted of being a felon in possession of a firearm after a bench trial in January 2011. See 18 U.S.C. §§ 922(g)(1) and 924(e). In July 2011 Robinson was sentenced to 235 months' imprisonment. *United States v. Robinson*, No. 4:10CR00032-001 SWW. Robinson appealed the conviction, contending that his conviction stemmed from an unconstitutional search of his vehicle which resulted in the discovery of a firearm. The Eighth Circuit Court of Appeals affirmed his conviction. *U.S. v. Robinson*, 670 F.3d 874 (8th Cir. 2012). Robinson then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging eleven instances of ineffective assistance of counsel, as well as leveling claims of

denial of due process and denial of his right to a speedy trial. United States District Judge Susan Webber Wright denied this petition on January 24, 2013. *U.S. v. Robinson*, 2013 WL 273349. On appeal, the Eighth Circuit Court of Appeals affirmed. Docket entry no. 4-3. On three subsequent occasions, Robinson unsuccessfully petitioned the Eighth Circuit Court of Appeals for authorization to file a successive habeas petition with this Court. Docket entries nos. 4-4, 4-5, & 4-6.

On January 8, 2018, Robinson filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that prior concurrent convictions for second degree battery should not have been separated in calculating his sentence because he was tried and sentenced on those charges on the same day.

In his response, respondent Gene Beasley ("Beasley") contends the petition should be dismissed because Robinson should have pursued his relief in a § 2255 petition rather than a § 2241 petition. Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). According to *Lurie*, § 2241 relief may be pursued only if Robinson demonstrates § 2255 relief is inadequate or ineffective.

The *Lurie* Court addressed the issue of the inadequacy or ineffectiveness of section 2255 relief:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

The Court further noted that the petitioner, here, Robinson, bears the burden of showing § 2255 relief to be inadequate or ineffective. *See also Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986). The claim Robinson raises, the improper calculation of his sentence, is a classic challenge to the imposition of a sentence, and is

not related to the execution of the sentence or to the conditions of confinement. As such, this claim is typically cognizable in a § 2255 petition filed with the trial court, not in a § 2241 petition filed with this Court, absent Robinson's demonstration that § 2255 is inadequate or ineffective.

Robinson replied to Beasley's argument. See docket entry no. 5. In this pleading, Robinson claims he was unable to challenge his federal sentence "because there were no available documentation to present to the Courts on how the State's" prior convictions were adjudicated. Docket entry no. 5, page 1. Robinson states he received this documentation January 2, 2018. He invites this Court to find § 2255 inadequate or ineffective and proceed to the merits of his § 2241 petition. We are mindful, however, that § 2255 is not a defective remedy for Robinson merely because he has previously been denied relief under its provisions, because he may be pessimistic about another attempt to obtain relief, or because he has located additional documentation. The statutory framework is clear – the ultimate decision on permission to file a second or successive petition is, by statute, to be given by the Eighth Circuit Court of Appeals, not by this Court. Robinson may not sidestep this procedure. There is no statutory provision allowing Robinson, without showing § 2255 inadequate or ineffective, to bypass this permission process and directly seek relief in a district court in the jurisdiction where he is in custody.

As a result, we recommend this petition be dismissed without prejudice to Robinson seeking permission from the Eighth Circuit Court of Appeals to proceed with a successive petition. The relief sought should be denied.

IT IS SO ORDERED this 9th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE